# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS HETTELSATER, as Special Administrator of the Estate of Adam Hettelsater, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 07 C 704 ) |
| SYNOVATE, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Nicholas Hettelsater's ("Hettelsater") motion to remand. For the reasons stated below, we deny the motion to remand.

## BACKGROUND

Hettelsater alleges that he is the special administrator of the estate of the decedent, Adam Hettelsater, who died on December 26, 2005. Hettelsater contends that the decedent was employed by Defendant Synovate, Inc. ("Synovate") from approximately February 2, 2004, until December 22, 2005. Hettelsater further claims that when the decedent began working for Synovate, Synovate orally promised the

1

decedent an hourly wage, basic life insurance issued by Standard Insurance Co. ("Standard Insurance"), and the ability to apply for and receive supplemental life insurance if the decedent paid the required life insurance premiums. Hettelsater contends that on or about November 15, 2004, the decedent completed an enrollment form requesting $100,000.00 in supplemental life insurance and that Synovate allegedly deducted the premiums for the supplemental life insurance from the decedent's paychecks. Hettelsater also alleges that Synovate told the decedent that he was covered under life insurance policies issued by Standard Insurance.

Hettelsater claims that after the decedent's death, Synovate filed claims with Standard Insurance pursuant to the basic life insurance and supplemental life insurance policies. According to Hettelsater, Standard Insurance denied both claims on the basis that the decedent was not eligible for either insurance policy. Hettelsater alleges that Synovate never told the decedent that he was ineligible for the insurance.

Hettelsater brought the instant action in the Circuit Court of Kane County, Illinois, and included a breach of contract claim against Synovate in his complaint. On February 6, 2007, Synovate removed the instant action to the United States District Court for the Northern District of Illinois. Hettelsater moves to remand the instant case to the Circuit Court of Kane County, Illinois.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

2

district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . ." 28 U.S.C. § 1447(c). The party removing the case to federal court and thus "invoking federal jurisdiction bears the burden of demonstrating its existence. . . ." *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006)(stating that "[f]ederal courts are courts of limited jurisdiction" and that "'[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction'")(quoting in part *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)).

## DISCUSSION

Hettelsater has filed a motion to remand this action to state court. Synovate based the removal of this action to federal court on its contention that Hettelsater's claims are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Federal courts have federal question subject matter jurisdiction for cases that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises "under the laws of the United States if the plaintiff's complaint raises a federal issue." *Lister v. Star*k, 890 F.2d 941, 943 (7th Cir. 1989).

Generally, "federal preemption is ordinarily a federal defense to the plaintiff's

suit. . . [,] does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). However, a removal may be warranted under the doctrine of complete preemption, which is an "'independent corollary' to the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The complete preemption doctrine allows removal only where "Congress has so completely preempted a particular area that no room remains for any state regulation and the complaint would be 'necessarily federal in character.'" *Bastien v. AT&T Wireless Servs.*, Inc., 205 F.3d 983, 986-87 (7th Cir. 2000); *see also Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 788 (7th Cir. 2002)(stating that there is complete preemption if there is a "congressional intent in the enactment of a federal statute not just to provide a federal defense to a state created cause of action but to grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal cause of action").

There are two alternative approaches in case law for the complete preemption doctrine which are referred to as the complete preemption model and the replacement model. *See McQuerry v. American Medical Systems, Inc.*, 899 F. Supp. 366, 369 (N.D. Ill. 1995)(delineating approaches into complete preemption model and replacement model); *see also Rogers*, 308 F.3d at 788 (indicating that replacement model is an approach under complete preemption doctrine); *but see Bastien*, 205 F.3d at 986 (indicating that the applicable standard for the complete preemption doctrine is whether Congress intended to completely preempt an area and not leave room for

4

state claims); *Franczyk v. Cingular Wireless, LLC*, 2004 WL 178395, at *1 (N.D. Ill. 2004)(stating that "in some instances, Congress has completely preempted a particular area where there is no room for any state regulation and the complaint is 'necessarily federal in character'"). Under the replacement model "removal is appropriate only if federal law not only preempts the state claim but also replaces it with a federal remedy." *McQuerry*, 899 F. Supp. at 369. According to this line of cases, the "ability to bring suit under [federal law] is an element of 'complete preemption.'" *Rogers*, 308 F.3d at 788. The doctrine of complete preemption is not applicable "if a federal remedy did not exist in the alternative . . . [because] [o]therwise, a plaintiff would be forced into federal court with no relief available for 'vindicating the same interest.'" *Id*. Federal preemption trumps state law, "but the foundation for removal is the creation of federal law to replace state law." *Id*. Thus, "unless the federal law has created a federal remedy—no matter how limited—the federal law, of necessity, will only arise as a defense to a state law action' and will thus not give rise to the federal question jurisdiction underlying complete preemption." *Id*.

In the instant action, Synovate argues that Hettelsater's claim is completely preempted by federal ERISA law because the claim is federal in nature, regardless of how the complaint is styled. In general, there are two areas of federal law that almost completely occupy their respective fields: labor law, which is governed by the National Labor Relations Act and the Labor Management relations Act, and ERISA. *See Rice v. Panchal*, 65 F.3d 637, 643 (7th Cir. 1995)(stating that labor law and

5

ERISA are exclusively federal law). The Seventh Circuit has stated that the following set up criteria is used to determine whether a state law claim is completely preempted by ERISA:

> (1) "whether the plaintiff is eligible to bring a claim under that section"; (2) "whether the plaintiffs cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a)"; and (3) "whether the plaintiffs state law claim cannot be resolved without an interpretation of the contract governed by federal law." When all three factors are present, the state law claim is properly recharacterized as an ERISA claim under § 502(a).

*Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000)(quoting *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996)); *see Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355 (2002)(affirming standard for determining whether state law claim is preempted by ERISA).

Hettelsater argues that the state law claim is "not a claim of benefits under ERISA and is not complete[ly] preempted." (Mot. 3). Hettelsater contends that the instant action is not preempted by federal ERISA law because the decedent was ineligible to bring a claim pursuant to ERISA. Under ERISA, "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . ." 29 U.S.C. § 1132(a)(1)(B). In addition, the term "participant" is defined as an "employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an

employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). This definition includes "either employees in, or reasonably expected to be in, currently covered employment, or former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989).

Hettelsater argues that an ERISA claim could not be brought since the "decedent was not a participant or beneficiary because he did not work enough hours to be eligible to participate," (Mot. 3), and that the court will not need to interpret the Synovate insurance plan since Hettelsater does not dispute the terms of the plan. The Seventh Circuit has made clear that "[t]he requirement of a colorable claim is not a stringent one," and that "jurisdiction depends on an arguable claim, not on success." *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir. 1996). In addition, a cause of action under ERISA is "available to any former employee who has a colorable claim to benefits which the employer promised to provide pursuant to the employment relationship and which a nonfrivolous argument suggests have accrued to the employee's benefit." *Id.* at 791 (citing *Willett v. Blue Cross & Blue Shield*, 953 F.2d 1335, 1342-43 (11th Cir. 1992), for the proposition that plaintiff was "participant" because he "anticipated receiving plan benefits and was entitled to prompt notice of any disruption in the commencement of his anticipated plan benefits," and *Vartanian v. Monsanto Co.*, 14 F.3d 697, 703 (1st Cir. 1994), for the

7

proposition that plaintiff who "would have been entitled to greater benefits but for employer's breach of fiduciary duty was participant for standing purposes"). In the instant action, Hettelsater's complaint alleges that Synovate promised to provide life insurance, which fell within ERISA, to the decedent while he was working at Synovate. Hettelsater further alleges that Synovate deducted the premiums from the decedent's paychecks and that upon the decedent's death Standard Insurance denied claims to the insurance for the reason that the decedent was not eligible for the policies. Hettelsater's contention that Synovate did not tell the decedent that the decedent was not eligible for the insurance coverage is, in fact, a contention that the insurance benefits should have accrued but for Synovate's alleged ERISA violations. Therefore, Hettelsater's state law cause of action is preempted by ERISA, no matter how Hettelsater pleads the action, since such allegations are "colorable claim[s] to benefits which the employer promised to provide pursuant to the employment relationship." *Panaras*, 74 F.3d at 791.

## CONCLUSION

Based on the foregoing analysis, we deny Hettelsater's motion to remand.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 24, 2007