## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NICHOLAS HETTELSATER,<br>as Special Administrator of the Estate of<br>Adam Hettelsater, deceased , <br><br>            Plaintiff,<br><br>    v.<br><br>SYNOVATE, INC.,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    No.  07 C 704<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM OPINION</u>

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Synovate, Inc.'s ("Synovate")
motion to dismiss.  For the reasons stated below, we grant the motion to dismiss in
its entirety and dismiss the instant action.


## BACKGROUND

Plaintiff Nicholas Hettelsater ("Plaintiff") alleges that he is the special
administrator of the estate of the decedent, Adam Hettelsater ("Hettelsater"), who
died on December 26, 2005.  Plaintiff contends that Hettelsater was employed by
Synovate from approximately February 2, 2004, until December 22, 2005.  Plaintiff
further claims that when Hettelsater began working for Synovate, Synovate orally

promised Hettelsater an hourly wage, basic life insurance issued by Standard Insurance Co. ("Standard Insurance"), and the ability to apply for and receive supplemental life insurance if Hettelsater paid the required life insurance premiums. Plaintiff contends that on or about November 15, 2004, Hettelsater completed an enrollment form requesting $100,000.00 in supplemental life insurance and that Synovate allegedly deducted the premiums for the supplemental life insurance from Hettelsater's paychecks. Plaintiff also alleges that Synovate told Hettelsater that he was covered under life insurance policies ("Policies") issued by Standard Insurance.

Plaintiff claims that after Hettelsater's death, Synovate filed claims with Standard Insurance pursuant to the basic life insurance and supplemental life insurance policies. According to Plaintiff, Standard Insurance denied both claims on the basis that Hettelsater was not eligible for either insurance policy because Hettelsater did not work the requisite number of hours to be covered under the Policies. Plaintiff alleges that Synovate never told Hettelsater that he was ineligible for the insurance.

Plaintiff brought the instant action in the Circuit Court of Kane County, Illinois, and included a breach of contract claim in his complaint. On February 6, 2007, Synovate removed the instant action to the United States District Court for the Northern District of Illinois. On February 23, 2007, Plaintiff filed a motion to remand the instant action to the Circuit Court of Kane County, Illinois. On April 24, 2007, the court denied Plaintiff's motion to remand. Synovate moves to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(6).

2

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and

can plead conclusions.  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455.  However, any conclusions pled must "provide the defendant with at least minimum notice of claim," *id.*, and the plaintiff cannot satisfy federal the pleading requirement merely "by attaching bare legal conclusions to narrated facts which fail to outline bases of [his] claims."  *Perkins*, 939 F.2d at 466-67.  The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events."  *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

On April 24, 2007, we found that  Plaintiff's state law cause of action is preempted by ERISA since the allegations in his complaint are "colorable claim[s] to benefits which the employer promised to provide pursuant to the employment relationship."  *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 791 (7th Cir. 1996).  However, a finding of preemption does not alone compel dismissal of the instant action.  *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).  Under Rule 12(b)(6), a plaintiff is required to supply a basis for his claims, but is not required to state a particular cause of action or plead the pertinent law on which the claims rest.  *Id.* at 1077-78.  Thus, although Plaintiff's state law cause of action is preempted by ERISA, we must also inquire as to whether the complaint sufficiently alleges facts and conclusions to plead an ERISA claim.  *Id.* at 1077-78 (stating that although ERISA preempted breach of contract claim, case should not have been dismissed because plaintiff was not required to plead law that supported allegations).

## I.  Oral Representations

Synovate argues that Plaintiff's allegations that are based on Synovate's alleged oral representations should be dismissed.  The Seventh Circuit has made clear that ERISA prohibits oral modifications of employee benefit plans.  *See Lister v. Stark*, 890 F.2d 941, 946 (7th Cir. 1989); *see also Bartholet*, 953 F.2d at 1078 (noting that "Plaintiffs can plead themselves out of court" and explaining that "[b]y alleging that the promise to give [Plaintiff] credit for extra years of service was oral, *Lister* opened a trap door under his case, for ERISA does not allow oral variances of pension plans").  Plaintiff's complaint alleges that "[w]hen [Hettelsater] began working for [Synovate], [Synovate] told [Hettelsater] that he was covered by the basic life insurance issued by Standard Insurance Company."  (Compl. Par. 8).  As such, although there was an existing ERISA benefit plan, the plan was not, nor could it be, modified orally.  Plaintiff's allegation that the alleged representations upon which he sues were oral would fall under ERISA's prohibition against oral modifications of employee benefit plans and Plaintiff does not contest this proposition.  Therefore, we grant Synovate's motion to dismiss Plaintiff's claims that are based upon Synovate's alleged oral representations.

## II.  Estoppel

Plaintiff argues that "it is clear Plaintiff has stated a claim for estoppel."  (Ans. 2).  A plaintiff may raise an estoppel-based cause of action under ERISA.  *See Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574 (7th Cir. 2000)(holding that a plan

administrator was estopped from denying medical coverage where the plan documents were ambiguous and someone with apparent authority to interpret the plan made oral misrepresentations).  The Seventh Circuit has stated that the elements of an estoppel claim under ERISA are: "(1) a knowing misrepresentation by the defendant; (2) in writing; (3) with reasonable reliance by the plaintiff on the misrepresentation; (4) to the plaintiff's detriment."  *Kamler v. H/N Telcom. Servs.*, 305 F.3d 672, 679 (7th Cir. 2002)(citing *Coker v. Trans World Airlines*, 165 F.3d 579, 585 (7th Cir. 1999)).  In addition, "oral representations of an ERISA plan may not be relied upon . . . when the representation is contrary to the written terms of the plan and those terms are set forth clearly."  *Bowerman*, 226 F.3d at 588; *see Kamler*, 305 F.3d at 681 (noting that oral misrepresentations may be a "basis for ERISA estoppel only if: (1) the ERISA plan was ambiguous and (2) an agent of the plan, or someone with apparent authority to interpret the plan, made the oral misrepresentations") (citing *Bowerman*, 226 F.3d at 588).

In the instant action, the Policies were not ambiguous about the eligibility requirements.  The terms of the Policies clearly state that, in order to qualify for the plan, the plan member must be "[a]n active employee" and "[r]egularly work at least 40 hours each week."  (Remand Mot. Ex. 1 at 6).  As such, it is clear that any employee working under forty hours per week would not be eligible for the insurance.  Further, it was unreasonable for Hettelsater to believe that Synovate had authority to modify the Policies when the terms of the Policies clearly indicate that the eligibility for insurance was based on being an active, full-time employee.  Thus,

it is clear that, based on the unambiguous terms of the Policies, Hettelsater was not eligible for the plan benefits.

In addition, Hettelsater was provided with a "Certificate and Summary Plan Description" ("Certificate"), (Remand Mot. Ex. 1 at 7), by Standard Insurance, which describes the terms and conditions of the insurance. The Certificate clearly states that "[p]ossession of th[e] Certificate does not necessarily mean that [the plan member is] insured" and that the potential plan member is only insured if he "meet[s] the requirements set out in th[e] Certificate." (Remand Mot. Ex. 1 at 7). The Certificate further makes clear that "[i]f the terms of the Certificate differ from the [Policies], the terms stated in the [Policies] will govern." (Remand Mot. Ex. 1 at 7). Thus, although Hettelsater possessed the Certificate that represented that an insurance policy had been issued, Hettelsater, as the policy holder, is bound by the terms of the insurance policy and, as we previously stated, Hettelsater did not meet the eligibility requirements in order to be covered by the plan. Based on the analysis above, Plaintiff is precluded from pursuing an estoppel-based cause of action for ERISA benefits that were based on alleged oral representations since the terms of the Policies were not ambiguous about the eligibility requirements, Hettelsater did not meet the eligibility requirements, and it was unreasonable for Hettelsater to believe that Synovate had authority to modify the unambiguous terms of the Policies. Therefore, we grant Synovate's motion to dismiss Plaintiff's claims that are based on an estoppel theory under ERISA.

### III. Breach of Fiduciary Duty

Plaintiff alleges that Synovate breached its fiduciary duty to Hettelsater with respect to the life insurance plans by misleading the plan participants and misrepresenting the terms of the plan. (Ans. 3-4). ERISA allows for an action to enforce and seek relief based on a breach of fiduciary duty "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). ERISA also makes "any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries" personally liable. *Id*. § 1109(a). However, under Seventh Circuit precedent, liability for a breach of fiduciary duty runs to the plan and not beneficiaries as individuals. *Harsch v. Eisenberg*, 956 F.2d 651, 657 (7th Cir. 1992). In the instant action, Plaintiff is attempting to recover benefits that he claims are due to him from Hettelsater's Policies. Such a claim is an individualized claim and can in no way be characterized as a claim on behalf of the ERISA plan. Thus, we grant Synovate's motion to dismiss Plaintiff's claims that are based on a breach of fiduciary duty. Based on the analysis above, we grant Synovate's motion to dismiss.

### CONCLUSION

Based on the foregoing analysis, we grant Synovate's motion to dismiss in its entirety and dismiss the instant action.

*Samuel Der-Yeghiayan*

8

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 20, 2007